PULCHINSKI, and husband, Plaintiffs-Appellants, v. STRNAD, and wife, and another, Defendants-Respondents.

Supreme Court

*No. 76–488. Submitted on briefs February 28, 1979.—Decided March 27, 1979.*
(Also reported in 276 N.W.2d 781.)

For the appellants the cause was submitted on the brief of *Ken L. Grover* of Stevens Point.

For the respondents the cause was submitted on the brief of *H. R. Klueter* and *Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C.,* of Wausau.

WILLIAM G. CALLOW, J. Mary V. Pulchinski was allegedly injured in a fall as she was dancing on Frank and Vera Strnad's premises April 27, 1973. The Strnads' insurer paid part of the plaintiff's medical expenses, but

no final settlement was reached. In late March, 1976, plaintiff consulted Attorney Ken Grover. After attempting to secure plaintiff's medical records, Attorney Grover, concerned that the statute of limitations period would shortly expire, filed a summons in the circuit court for Wood County on April 23, 1976, naming as defendants the Strnads and their insurer. Copies of the summons were served on the Strnads April 24, 1976, and on their insurer April 26, 1976.

By letter of April 28, the Strnads' lawyer informed Attorney Grover that he had turned the defense of the action over to the Strnad's insurer. June 18, 1976, a claims representative of the insurer informed Attorney Grover by letter that the company took the position that the action was barred by the statute of limitations.

On July 7, Attorney Grover, claiming excusable neglect, filed a motion to enlarge the time within which to file a complaint. Copies of the motion and notice of motion were served on Mr. Strnad, the Strnads' lawyer, and the insurance company. Mrs. Strnad was living in California and was not served. In an affidavit attached to the motion, Attorney Grover explained that he did not have a copy of the new Rules of Civil Procedure in his office and was unable to attend any seminars on the subject because of family and staff illnesses. He relied on the advice of the Portage County Clerk of Courts in attempting to begin the action by service of a summons. At the scheduled hearing July 14, the defendants did not appear. The court assumed that the defendants' failure to appear indicated that they did not oppose the motion. The court made a finding that Attorney Grover established excusable neglect and granted the motion to enlarge the time within which to file the complaint.

Copies of the order enlarging time were served on the defendants within one week of the hearing. July 27, the

defendants, represented by counsel furnished by the insurer, moved to dismiss on the following grounds: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) failure to state a claim upon which relief could be granted, (4) insufficiency of service of process, and (5) statute of limitations.

In a written decision filed October 15, 1976, the court granted the motion to dismiss on the ground that the limitations period had expired. The court reasoned that under the Rules of Civil Procedure an action is commenced by the filing of a summons and complaint. Therefore no action was begun within three years of the injury. The court found that it had no authority to make an order enlarging time. The trial court concluded that the defendants did not waive their right to assert the statute of limitations defense because the obligation to raise the defense arises only after the action is begun by the filing of a summons and complaint.

From an order dismissing the complaint, the plaintiffs appeal.

The issues on appeal are: (1) Was the statute of limitations tolled by the filing of the summons? (2) May the trial court enlarge the time within which to file the complaint where the effect would be to extend the limitations period? (3) Did the defendants waive their right to raise the statute of limitations defense by failing to appear in opposition to the motion to enlarge time?

## STATUTE OF LIMITATIONS

Actions to recover damages for personal injuries must be commenced within three years of the accrual of the cause of action. Secs. 893.01, 893.205(1), Stats. An action is deemed commenced

"when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom ser-

vice of authenticated copies of the summons and complaint has not been made within 60 days after filing." Sec. 893.39, Stats.

The sixty-day requirement corresponds to former sec. 893.40, Stats., which provided that an action was deemed commenced on the date the summons was delivered for service if actually served or published within sixty days of delivery. *See:* Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803,* 59 Marq. L. Rev. 1, 7 (1976).

Here the complaint was not filed with the summons; thus the plaintiffs did not commence the action within the three-year limitations period. The trial court found the plaintiffs' claim barred by secs. 893.01 and 893.205, Stats.

The plaintiffs argue that the failure to file a complaint with the summons was a "procedural" not a "fatal" defect. Neither the limitations statutes nor the Rules of Civil Procedure draw such a distinction, however. Sec. 805.03, Stats., provides:

"**805.03  Failure to prosecute or comply with procedure statutes.** For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of the court, *the court in which the action is pending* may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2) (a)." (Emphasis added.)

The failure to file the complaint with the summons was more than noncompliance with the procedure statutes. It was a failure to commence the action in the manner prescribed by court rule for the purpose of tolling the statute of limitations, and therefore there was no action pending. Sec. 805.03, Stats., is directed toward the discretion of "the court in which the action is pending,"

and where there is no action pending, the rule has no application.

## AUTHORITY TO ENLARGE TIME

Sec. 801.15(2) (a), Stats., provides:

"(2) (a) When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. The 60 day period under s. 801.02 may not be enlarged. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion."

The plaintiffs contend that trial court erred in determining that it had no authority to order an enlargement of time in which to file a complaint. In Wisconsin law, statutes of limitation are not treated as statutes of repose; the expiration of the limitations period creates a right in one party as it extinguishes one in another. *Haase v. Sawicki,* 20 Wis.2d 308, 311, 121 N.W.2d 876 (1963); *quoting from Maryland Casualty Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177 (1944). *See also: Heifetz v. Johnson,* 61 Wis.2d 111, 115, 211 N.W.2d 834 (1973).

The Rules enabling statute, sec. 251.18, Stats., 1975, provides in part:

"251.18 **Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. *Such rules shall not abridge, enlarge or modify the substantive rights of any litigant."* (Emphasis added.)

We are asked to construe sec. 801.15, Stats., to enable an enlargement of time in which to file the complaint and thus begin the action. To do so would affect substantive rights of the parties and violate the Rules enabling provision.

### WAIVER

Plaintiffs argue that the defendants' failure to appear in response to the motion to enlarge time waived their right to seek dismissal of the action. Waiver of defensive matters is governed by sec. 802.06(8), Stats.,[1] and objection to the time of commencing civil actions is governed by sec. 893.01, Stats.[2] Both statutes sustain the trial court.

The defendants were not obliged to raise the defense before the answer or motion to dismiss under sec. 802.06 (2), Stats., became due. Sec. 802.06(1), Stats., provides that the answer must be filed within twenty days of the service of the complaint. Sec. 802.06(2) provides that a motion under that section shall be made before pleading if further pleading is permitted. Thus the motion must be made within twenty days of service of the complaint. Because there was no action pending and the statutes define the obligations of the defendants when an action

---

[1] "(8) WAIVER OR PRESERVATION OF CERTAIN DEFENSES. . . . A defense of statute of limitations, failure to state a claim upon which relief can be granted, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under s. 802.01(1), or by a motion for judgment on the pleadings, or otherwise by motion within the time limits established in the scheduling order under s. 802.10(1)."

[2] "893.01 Civil actions; objection as to time of commencing. Civil actions can only be commenced within the periods prescribed in this chapter, except when, in special cases, a different limitation is provided by statute. But the objection that the action was not commenced within the time limited can only be taken by answer or motion to dismiss under s. 802.06(2) in proper cases."

is pending, there was no obligation to raise the defense at the time plaintiffs brought their motion for enlargement of time, and thus no waiver.

Plaintiffs, referring to the defendants' failure to respond to the motion, also cast their argument in terms of estoppel. However, there is no showing of detrimental reliance, and the record discloses the defendants informed Attorney Grover by letter of June 18, before he brought the motion to enlarge time, that they took the position that the limitations period expired.

The circumstances of this case do not permit the court to consider reversal in the interests of justice.

*By the Court.*—Order affirmed.