**Kenneth SCOVEL, Plaintiff,**

v.

**Allen HABECK, Defendant.**

**Civ. A. No. 82–C–117.**

United States District Court,
E.D. Wisconsin.

Dec. 12, 1983.

Thomas R. O'Bryan, Oak Park, Ill., for plaintiff.

Edward J. Simarski, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On August 24, 1983, the plaintiff, Kenneth L. Scovel, filed a motion to reconsider a decision of this Court dated July 27, 1983 in which the above-entitled action was dismissed under Wis.Stat. § 801.02(2) because the plaintiff failed to effect service of process within sixty days after the action was filed. The plaintiff's counsel now states in an affidavit that he entered an agreement or understanding with the defendant's insurance company that service of process would be delayed while settlement negotiations were proceeding. The insurance company denies having agreed to waive its statute of limitations defense during the pendency of settlement discussions. The affidavits do not suggest that the insurance com-

pany acted in bad faith or intent to mislead the plaintiff.

In *Pulchinski v. Strnad,* 88 Wis.2d 423, 276 N.W.2d 781 (1979), the Wisconsin Supreme Court held that the running of the sixty day limitations period of Wis.Stat. § 801.02(1) creates a substantive right in the defendants which a court has no power to abridge. Accordingly, Wis.Stat. § 801.-15(2)(a) provides in pertinent part: "When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. *The 60 day period under s. 801.02 may not be enlarged.*" (emphasis supplied.)

In this case, the affidavits of record do not raise a material issue of fact. I have no discretion under state law to enlarge the sixty day period for service of process. The defendant still is entitled to judgment as a matter of law.

IT IS ORDERED that the plaintiff's motion for reconsideration is denied and the action is hereby dismissed.