Dale HESTER, Plaintiff-Appellant-Petitioner,

v.

William L. WILLIAMS and Jerry Williams,
Defendants-Respondents.

Supreme Court

*No. 83–482. Argued February 28, 1984.—Decided March 27, 1984.*

(Also reported in 345 N.W.2d 426.)

For the plaintiff-appellant-petitioner there were joint briefs by *Michael L. Weiner* and *DeParcq, Perl, Hunegs, Rudquist & Koenig, P.A.,* Minneapolis, Minnesota, and *Gloria O'Connell Sonnen* and *Lommen, Nelson, Sullivan & Cole, P.A.,* Hudson, and oral argument by *Mr. Weiner.*

For the defendants-respondents there was a brief by *Joseph E. Schubert* and *Brennan & Collins,* Milwaukee, and oral argument by *Mr. Schubert.*

STEINMETZ, J. The main issue presented is whether the plaintiff commenced his action for personal injuries within the statute of limitations. Two additional issues are whether the defendants waived any affirmative defenses because they were not raised in their answer or by motion and whether the defendants should be estopped from asserting a statute of limitations defense. The trial court, the Sawyer county circuit court, the Honorable Alvin L. Kelsey, granted the defendant's motion to dismiss on the basis that the action had not been filed, and therefore had not been commenced within the statute of limitations pursuant to sec. 801.02, Stats.,[1] and sec. 893.205, 1977.[2] In a written order, the court of

---

[1] Sec. 801.02(1), Stats., provides:

"801.02 Commencement of action. (1) A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing."

[2] Sec. 893.205, Stats. 1977, provided as follows:

"893.205 Within 3 years. Within 3 years:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing as provided in s. 330.19(5), 1955 statutes, was served prior to July 1, 1959, in which event s. 330.19(5), 1955 statutes, shall apply. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

"(2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another where death resulted on or after July 1, 1955.

"(3) Any civil action arising under ch. 11 or subch. III of ch. 13."

Sec. 893.205, Stats. (1977) has been revised and renumbered and is now sec. 893.54, Stats.

appeals summarily affirmed the trial court's order dismissing the complaint. The court of appeals concluded that the filing of the answer was not a waiver, that the filing did not provide the basis for equitable estoppel, and that the action was not commenced within the statute of limitations.

The facts in this case are not in dispute. On April 25, 1977, the plaintiff, Dale Hester, sustained personal injuries while a passenger in an automobile owned by the defendant, William L. Williams, and operated by the defendant, Jerry Williams. On January 23, 1980, the plaintiff's attorney had the Sawyer county sheriff personally serve both defendants with a summons and complaint. Prior to service, the summons and complaint had not been filed with the court as required by sec. 801.02 (1), Stats., and, therefore, the defendants were not served authenticated copies.

Once served, the defendants' attorney contacted the clerk of courts in Sawyer county and was informed that the summons and complaint had not been filed with the court. Nonetheless, on February 11, 1980, the defendants served the plaintiff with an answer. In their answer, the defendants denied negligence and damages and raised as affirmative defenses the omission of necessary parties and contributory negligence. No other affirmative defenses were raised in the answer. The answer was eventually filed with the court during a hearing on the motion to dismiss.

On July 21, 1980, the defendants' attorney received a letter from the plaintiff's attorney regarding the dismissal of William L. Williams as a party and the plaintiff's availability for a deposition. From the record, it appears that a substantial period of silence had passed prior to this correspondence. By a letter dated July 22, 1980, the defendants' attorney informed the plaintiff's

attorney that he considered the action barred because it had not been commenced within the three-year statute of limitations. Thereafter, on August 13, 1980, the plaintiff for the first time filed the summons and complaint that previously had been served on the defendants on January 23, 1980. On August 15, 1980, the plaintiff served authenticated copies of the summons and complaint on the defendants' attorney. The defendants were never personally served with authenticated copies.

On September 4, 1980, the defendants moved to dismiss the plaintiff's action on the basis that it had not been commenced within the statute of limitations. Hearings on the motion to dismiss were held and on February 11, 1983, the trial court granted the defendants' motion to dismiss. The plaintiff appealed.

On May 26, 1983, the court of appeals issued a written order which summarily affirmed the trial court's order dismissing the complaint. The plaintiff filed a petition for review with this court, which was granted on August 10, 1983.

The first issue is whether an action was commenced within the statute of limitations. There are three statutes which are applicable in the resolution of this issue. Sec. 801.02, Stats., sets forth the procedure for commencing a civil action in the state of Wisconsin. Sec. 801.02(1) provides that a civil action which seeks a personal judgment is commenced by the filing of a summons and complaint, provided that the defendant is served with an authenticated copy of the summons and of the complaint within 60 days of filing.

Sec. 801.02(4), Stats., provides:

"(4) No service shall be made under sub. (3) until the action has been commenced in accordance with sub. (1) or (2)."

Sec. 893.39, Stats. 1977,[3] states when an action has been commenced and provides:

**"Action, when commenced.** An action shall be deemed commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing."

Sec. 893.205, Stats. 1977, provides for a three-year time period in which an action for personal injuries must be commenced.

It should be noted that sec. 801.02, Stats., abolished the mode of commencement of action by service of a summons[4] and is very similar to the federal practice under Rule 3 of the Federal Rules of Civil Procedure.[5] The present day sec. 801.02 abolished what has ben called a "hip-pocket" method of commencing an action. Under the former method, a party could serve a summons on the defendant, which tolled the statute of limitations, and then file and pay the filing fee any time within one year of service. Under sec. 801.02(1) it is clear that an action seeking a personal judgment is commenced at the moment the summons and complaint are filed with the court, not at the time of service, provided that the defendant is served with authenticated copies within 60 days of filing. *Schlumpf v. Yellick,* 94 Wis. 2d 504, 507, 288 N.W.2d 834 (1980).

---

[3] Sec. 893.39, Stats., was repealed and replaced by sec. 893.02 as of July 1, 1980. There was no change in the substance of the statute.

[4] Sec. 262.02, Stats. 1973, was repealed. Sec. 801.02 became effective on January 1, 1976.

[5] 3 Harvey, Wisconsin Practice—Rules of Civil Procedure, sec. 1020 (1975).

We find that the method for commencing an action under secs. 801.02, 893.205 and 893.39, Stats., is clear and unambiguous. Under the laws of this state, in order to commence an action for personal injuries, a summons and complaint must be filed with the court within three years of the accrual of the cause of action and authenticated copies must be served upon the defendant within 60 days of the filing.

In *Pulchinski v. Strnad,* 88 Wis. 2d 423, 276 N.W.2d 781 (1979), the plaintiffs had failed to file a complaint with the summons. Thereafter, the statute of limitations ran. The plaintiffs argued that their failure to file a complaint with the summons was not a fatal defect but rather was a procedural defect. This court held: "The failure to file the complaint with the summons was more than noncompliance with the procedure statutes. It was a failure to commence the action in the manner prescribed by court rule for the purpose of tolling the statute of limitations, and therefore there was no action pending." *Id.* at 427. In the present case, the plaintiff characterizes his failure to file the summons and complaint prior to service as a minor procedural defect. To the contrary, we find that the failure to file is more than a minor defect; it is a fatal error.

As stated above, when sec. 801.02, Stats., was created, the prior method of commencement of an action by service of a summons was abolished. The present sec. 801.02 (1) clearly specifies *one* method for commencing an action in which a personal judgment is sought. The statute is not ambiguous. Moreover, sec. 801.02(4) expressly forbids prefiling service of the summons. We find that the analysis in *Pulchinski* is applicable to the present factual situation and hold that the effect of the plaintiff's failure to file a summons and complaint prior to service was that no action was commenced prior to

the running of the statute of limitations. The jurisdiction of the court was never invoked.

In order for a court to have jurisdiction over a case, it must have both subject matter jurisdiction and personal jurisdiction over the parties. Subject matter jurisdiction is invoked by the commencement of an action within the statute of limitations. Personal jurisdiction is obtained by service of the summons and complaint on the defendant. As stated in *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483 (1981):

"[T]he law is that an action is commenced for purposes of a statute of limitations if the summons and complaint are filed with the court before the statutory period has passed and the court then has subject matter jurisdiction. The plaintiff then has 60 more days to obtain jurisdiction over the person of any defendant in the action (*in personam* jurisdiction)."

In the present case, since commencement of the action did not take place prior to the expiration of the statute of limitations, jurisdiction of the court was not invoked. There never was a summons and complaint filed with the court within the statute of limitations.

The plaintiff cites to *Canadian Pac. Ltd. v. Omark-Prentice Hydraulics*, 86 Wis. 2d 369, 373, 272 N.W.2d 407 (Ct. App. 1978) for the proposition that pleading should not be a game. We agree. The statutes specifically and clearly state that an action is commenced on the date it is filed with the court, provided the defendant is served authenticated copies of the summons and of the complaint within 60 days of filing.

With respect to the waiver issue, the plaintiff admits that he did not follow the proper procedure for service of process under Wisconsin law, but nonetheless argues that the defendants waived any right to now assert objections to the defects in service and in filing because they failed to raise them in their answer. During oral

argument the plaintiff conceded that the statute of limitations defense did not exist at the time the answer was served and, therefore, it was not waived in the answer.[6] Specifically, the plaintiff asserts that the defendants had an obligation to raise any defects in service or in process in their answer or by motion and that since they answered without raising such defects and did not file a motion, such defects were waived pursuant to sec. 802.06 (2) and (8), Stats.[7]

---

[6] The answer was served on February 11, 1980. The three-year statute of limitations expired on April 25, 1980.

[7] Sec. 802.06(2) and (8), Stats., provides:

"(2) HOW PRESENTED. Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; a) lack of capacity to sue or be sued, b) lack of jurisdiction over the subject matter, c) lack of jurisdiction over the person or property, d) insufficiency of summons or process, e) untimeliness or insufficiency of service of summons or process, f) failure to state a claim upon which relief can be granted, g) failure to join a party under s. 803.03, h) res judicata, i) statute of limitations, j) another action pending between the same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. Objection to venue shall be made in accordance with s. 801.53. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If on a motion asserting the defense described in f) to dismiss for failure of the pleading to state a claim upon which relief can be granted, or on a motion asserting the defenses described in h) or i), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08."

"(8) WAIVER OR PRESERVATION OF CERTAIN DEFENSES. (a) A defense of lack of jurisdiction over the person or the property, insufficiency of process, untimeliness or insufficiency of service of

As stated above, the plaintiff did not commence an action pursuant to the Wisconsin statutes before the statute of limitations had run; therefore, there was no pending action. The waiver provisions of sec. 802.06, Stats., only apply when an action is pending. *Pulchinski,* 88 Wis. 2d at 429–30. Since there was no pending action, the defendants had no duty to raise any defenses and, therefore, there was no waiver. As stated in *Pulchinski:* "Because there was no action pending and the statutes define the obligations of the defendants when an action is pending, there was no obligation to raise the defense at the time plaintiffs brought their motion for enlargement of time, and thus no waiver." *Id.* at 429–30.

Additionally, the situation the defense attorney was faced with must be considered. He was placed in a "Catch–22" situation. If he did not answer, he ran the risk of being wrong as to his interpretation of sec. 801.02 (1), Stats., and having a default judgment entered against his clients. On the other hand, if he alerted the

---

process or another action pending between the same parties for the same cause is waived only 1) if it is omitted from a motion in the circumstances described in sub. (7), or 2) if it is neither made by motion under this section nor included in a responsive pleading.

"(b) A defense of failure to join a party indispensable under s. 803.03 or of res judicata may be made in any pleading permitted or ordered under s. 802.01(1), or by motion before entry of the final pretrial conference order. A defense of statute of limitations, failure to state a claim upon which relief can be granted, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under s. 802.01(1), or by a motion for judgment on the pleadings, or otherwise by motion within the time limits established in the scheduling order under s. 802.10(3)(b).

"(c) If it appears by motion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

"(d) A defense of lack of capacity may be raised within the time permitted under s. 803.01."

plaintiff's counsel to his noncompliance with the Wisconsin statutes, he could have been accused of not zealously representing his clients' best interests. To avoid a possible default judgment, the defense counsel chose to answer the complaint, but not to alert the opposing counsel of his error. This defense counsel was not required to alert the opposing counsel of the defect in his case especially since the defect was dispositive of the case. We find that under such circumstances, the defendants did not waive any defenses.

The final issue is whether the defendants should be estopped from raising a statute of limitations defense. This court has recognized that in a proper case a defendant may be estopped from asserting the statute of limitations. *Peters v. Kell*, 12 Wis. 2d 32, 46, 106 N.W.2d 407 (1960), *State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 598, 191 N.W.2d 23 (1971). By definition, equitable estoppel is based upon the fraudulent or other wrongful conduct on the part of the party asserting the statute of limitations and upon the detrimental reliance on such fraudulent or wrongful conduct by the aggrieved party. *Peters*, 12 Wis. 2d at 46.

In *Knutson*, 52 Wis. 2d at 596–97, this court enumerated the following six rules that should be applied in resolving the present issue:

(1) The doctrine may be applied to preclude a defendant who has been guilty of fraudulent or inequitable conduct from asserting the statute of limitations;

(2) The aggrieved party must have failed to commence an action within the statutory period because of his or her reliance on the defendant's representations or act;

(3) The acts, promises or representations must have occurred before the expiration of the limitation period;

(4) After the inducement for delay has ceased to operate, the aggrieved party may not unreasonably delay;

(5) Affirmative conduct of the defendant may be equivalent to a representation upon which the plaintiff may rely to his or her disadvantage; and

(6) Actual fraud, in a technical sense, is not required.

The plaintiff argues that the applicable rules were met, and, therefore, the defendants should be estopped. We disagree.

In *Knutson,* we stated the test of whether a party should be estopped from asserting the statute of limitations as "whether the conduct and representations of appellant were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *Id.* at 598. In the present case we are unable to find that the defendants' conduct was so unfair or misleading that it would warrant the commencement of an action after the expiration of the statute of limitations.

The plaintiff argues that he relied on the defendants' actions to his detriment. We are unable to find that the defendants' act of filing an answer could have affected the initial mode in which the plaintiff chose to start the action. In *Mohr v. Milwaukee,* 101 Wis. 2d 670, 678, 305 N.W.2d 174 (Ct. App. 1981), the court stated that "[f]or a court to invoke equitable estoppel, a party's reliance on another's conduct must be reasonable." The plaintiff's counsel could not have reasonably relied on the defendants' answer for a determination as to whether the cause of action had been properly commenced. The plaintiff's counsel relied on his perception of how an action was to be commenced under the laws of this state so as to toll the statute of limitations. Therefore, we hold that the defendants were not estopped from asserting the statute of limitations as a defense.

In summary, we find that the plaintiff did not commence an action within the statute of limitations, that the defendants did not waive any defense and that the defendants should not be estopped from asserting the statute of limitations as a defense.

*By the Court.*—The order of the court of appeals is affirmed.