HONEYCREST FARMS, INC., Plaintiff-Appellant,†

v.

BRAVE HARVESTORE SYSTEMS, INC., Defendant-Respondent,

A. O. SMITH HARVESTORE PRODUCTS, INC., Defendant.

Court of Appeals

*No. 95–1789–FT. Oral argument February 1, 1996.—Decided February 20, 1996.*

(Also reported in 546 N.W.2d 192.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Daniel P. Murray* and *B. J. Hammarback* of *Hammarback Law Offices, S.C.,* of River Falls. There was oral argument by *Daniel P. Murray*

For the defendant-respondent the cause was submitted on the brief of *Thomas D. Bell* and *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.,* of New Richmond. There was oral argument by *Matthew A. Biegert.*

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Honeycrest Farms, Inc., appeals a judgment dismissing its action against Brave Harvestore Systems, Inc., based on the trial court's determination that it lacked personal jurisdiction over Brave.[1] Honeycrest contends the trial court erred when it determined that Brave did not waive the defense of lack of personal jurisdiction when Brave's first answer filed on its behalf by one of its insurers, General Casualty Insurance Company of Wisconsin, failed to raise the defense. Brave argues that the trial court lacked subject matter jurisdiction, which cannot be waived, and in the alternative that Brave's second

---

[1] This is an expedited appeal under RULE 809.17, STATS.

answer filed two days later on its behalf by another insurer, Traveler's Insurance Company, was sufficient to raise the personal jurisdiction defense. Because we conclude that Brave's second answer filed on its behalf by Traveler's was sufficient to raise the personal jurisdiction issue, we affirm the judgment.

The relevant facts are undisputed. Honeycrest filed a summons and complaint on December 23, 1992, and an amended summons and complaint on February 19, 1993. Brave was served with an authenticated copy of the summons and complaint and an unauthenticated copy of the amended summons and complaint on March 26, 1993. Therefore, Brave was served more than sixty days after the filing of the original summons and complaint and was never served with an authenticated copy of the amended summons and complaint as required by § 801.02(1), STATS.[2]

During the time period alleged in the complaint, Brave had been insured by two different insurance companies, General Casualty and Traveler's Insurance. Accordingly, Brave tendered defense of the complaint to both companies. On April 12, 1993, General Casualty filed an answer on Brave's behalf that raised several affirmative defenses, but failed to raise the defenses of lack of personal jurisdiction, insufficiency of process or insufficiency of service of process. On April 14, 1993, Traveler's filed an answer on behalf of Brave that did raise the jurisdictional defenses.

---

[2] Section 801.02(1), STATS., provides:

A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

The parties subsequently conducted pretrial discovery for nearly two years. Then, on December 29, 1994, Brave filed a motion to dismiss on the ground that the trial court lacked personal jurisdiction. After a hearing, the trial court concluded that it lacked jurisdiction over Brave because the summons and complaint were never properly served upon Brave and that Brave did not waive the defense by failing to raise it in its initial answer. Accordingly, the trial court dismissed the action against Brave.

Because it would be dispositive, we first address Brave's contention that the failure to serve an authenticated copy of the summons and complaint within sixty days of filing raises an issue of subject matter jurisdiction, which cannot be waived. This issue presents a question of law that we review without deference to the trial court. *See Dykema v. Volkswagenwerk AG*, 189 Wis. 2d 206, 210, 525 N.W.2d 754, 756 (Ct. App. 1994).

Brave relies on *Hester v. Williams*, 117 Wis. 2d 634, 345 N.W.2d 426 (1984), for its contention that the court lacked subject matter jurisdiction. In *Hester*, the supreme court concluded that because the plaintiff failed to commence an action properly under § 801.02(1), STATS., before the statute of limitations had run, there was no pending action. *Id.* at 641, 345 N.W.2d at 429. The court held that the defendant did not waive any defenses regarding defects in service or process pursuant to § 802.06(8), STATS., because the waiver provisions apply only when an action is pending. *Id.* at 643, 345 N.W.2d at 430.

In *Hester*, the plaintiff served the defendant with a summons and complaint; however, the summons and complaint had not been filed with the court as required

by § 801.02(1), STATS. *Id.* Section 801.02(1), STATS., states that a civil action is commenced by the filing of a summons and complaint with the court provided that the defendant is served with an authenticated copy of the summons and complaint within sixty days after filing. Brave argues that Honeycrest's failure to serve an authenticated copy of the summons and complaint within sixty days of filing left the court without subject matter jurisdiction because no action was pending.

We acknowledge that some of the language of *Hester* may support this contention. However, *Hester* specifically acknowledges that "[p]ersonal jurisdiction is obtained by service of the summons and complaint on the defendant." *Id.* at 641, 345 N.W.2d at 429. In addition, the court quoted *Lak v. Richardson-Merrell, Inc.*, 100 Wis. 2d 641, 649, 302 N.W.2d 483, 487 (1981):

> [T]he law is that an action is commenced for purposes of a statute of limitations if the summons and complaint are filed with the court before the statutory period has passed and the court then has subject matter jurisdiction. The plaintiff then has 60 more days to obtain jurisdiction over the person of any defendant in the action (*in personam* jurisdiction).

This suggests that the failure to serve authenticated copies within sixty days of filing relates to personal jurisdiction rather than subject matter jurisdiction. In contrast, the plaintiff in *Hester* failed to file the summons and complaint with the court before the statutory period had passed, resulting in the court lacking subject matter jurisdiction.

Further, the failure to serve within the statutory time limit has traditionally been treated as a defect in

personal jurisdiction, not subject matter jurisdiction. *See American Family Mut. Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 533-34, 481 N.W.2d 629, 632-33 (1992). Indeed, under a comparable statutory scheme, the federal courts have construed the failure to serve a summons and complaint within the period provided by statute to be a defect in personal jurisdiction, not subject matter jurisdiction. *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, we decline to resolve this case on the basis that the trial court lacked subject matter jurisdiction.

Next, we address Honeycrest's contention that under § 802.06, STATS., Brave waived the defense of lack of personal jurisdiction when it failed to raise the defense in the initial answer filed on its behalf.[3] Because this issue requires the interpretation of § 802.06, we are presented with a question of law that we review without deference to the trial court. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* We look beyond the statutory language only if the statute is ambiguous. *Id.* at 225-26, 496 N.W.2d at 179. A statute "is ambiguous if reasonable people could disagree as to its meaning." *Id.* at 226, 496 N.W.2d at 179. The legislative intent of an ambiguous statute can be determined by examination of the statute's scope, history, context, subject matter and object to be accomplished. *Shorewood v. Steinberg*, 174 Wis. 2d 191, 202, 496 N.W.2d 57, 61 (1993).

---

[3] Honeycrest does not contest the trial court's conclusion that the defect in service resulted in a lack of personal jurisdiction. Therefore, we do not address that issue.

Section 802.06, STATS., provides in relevant part:

(2) HOW PRESENTED. (a) Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or a 3rd-party claim, shall be asserted in *the* *responsive* *pleading* thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

3. Lack of jurisdiction over the person or property.

4. Insufficiency of summons or process.

5. Untimeliness or insufficiency of service of summons or process.

. . . .

(8) WAIVER OR PRESERVATION OF CERTAIN DEFENSES. (a) A defense of lack of jurisdiction over the person or the property, insufficiency of process, untimeliness or insufficiency of service of process or another action pending between the same parties for the same cause is waived only 1) if it is omitted from a motion in the circumstances described in sub. (7), or 2) if it is neither made by motion under this section or included in *a* *responsive* *pleading*. (Emphasis added.)

Subsection (2) requires the defendant to assert the relevant defenses in *the* *responsive* *pleading* or by motion. However, subsec. (8), where waiver is specifically provided, states that the defense is waived only if it is neither made by motion nor included in *a* *responsive* *pleading*. Because the two subsections are inconsistent regarding when waiver occurs, we conclude the statute is ambiguous as applied to the facts of this case. *See* *Shorewood*, 174 Wis. 2d at 201-02, 496 N.W.2d at 61. Moreover, the statutory language does not appear to

264

contemplate the facts of this case where two different insurers file answers on behalf of a single defendant.

■

We conclude that Brave did not waive its objection to personal jurisdiction when its initial answer failed to raise the issue. We reach this conclusion based on a number of considerations. First, we note that § 802.06(8), STATS., is the more specific statute dealing with the question of waiver. To the extent that two statutes conflict, the general rule is that the more specific statute takes precedence over the more general statute. *Gottsacker Real Estate v. DOT*, 121 Wis. 2d 264, 269, 359 N.W.2d 164, 167 (Ct. App. 1984). Section 802.06(8) provides that the objection to personal jurisdiction is waived only if it is not included in a responsive pleading. It is undisputed that the answer filed on Brave's behalf by Traveler's was a timely responsive pleading and raised the defense. This answer was also the first pleading filed by Traveler's as it addressed the time period Traveler's was Brave's insurer.

Honeycrest however contends that Brave's second answer was an amended answer and that the personal jurisdiction objection cannot be raised by an amendment. Honeycrest points to Judicial Council Committee Note, 1976, § 802.06, STATS., which provides that "[d]efenses under sub. (8) cannot be raised by an amendment to a responsive pleading permitted by s. 802.09(1)."

■

While we agree that the personal jurisdiction objection cannot be raised in an amended pleading, we conclude that the answer filed by Traveler's on Brave's behalf is not an amendment to the answer filed by General Casualty. To construe each insurer's pleading

265

as an amendment to the other would create a continuous circle of pleading where each insurer would have to file a pleading after the other to assert the defenses it wishes. Under Honeycrest's theory, each new pleading would be deemed to amend any previous pleading and therefore eliminate the previous insurer's answer. Both insurers are entitled to file responsive pleadings because the defenses asserted by each may vary substantially. For example, the language of each policy may be substantially different and one company may wish to raise defenses unavailable to the other. A conclusion that each responsive pleading filed by an insurer acts as an amendment to the previous pleading filed by the other insurer would lead to the absurd result that each insurer cannot assert its individual defenses in the same case. In construing a statute, we must interpret it in such a way as to avoid absurd or unreasonable results. *State v. Moore*, 167 Wis. 2d 491, 496, 481 N.W.2d 633, 635 (1992).

In addition, our conclusion is supported by the overall purpose to which § 802.06, STATS., appears to be directed. The provisions of § 802.06 are designed to require the defendant to bring personal jurisdiction objections to the court's attention at the earliest possible moment. Thus, the trial court will not expend unnecessary time and resources for a case that will ultimately be disposed of by a question of personal jurisdiction. In this case, Traveler's responsive pleading was the first filed by it on behalf of Brave. Traveler's answer was filed two days after General Casualty's answer and within twenty days of service of the complaint. *See* § 802.06(1). Further, Traveler's answer was directed at liability, separate and apart from that which was addressed by General Casualty in its responsive pleading. Traveler's brought this defense

to the trial court's attention at the earliest possible moment in the first pleading it filed on Brave's behalf. Under these circumstances, we conclude that the purpose of the statute is fully served by allowing Brave to raise the defense in the first responsive pleading filed on its behalf by Traveler's.

Finally, our conclusion best comports with the general propositions of common law and the purposes. of the pleading statutes, which direct that 'they be construed as to do substantial justice. *See* § 802.02(6), STATS. It is well settled that the doctrine of waiver examines the conduct of the party against whom waiver is sought and one party cannot waive the rights of another. *See Consumer's Co-op v. Olsen,* 142 Wis. 2d 465, 492, 419 N.W.2d 211, 221 (1988). Permitting General Casualty to waive rights that Traveler's wished to assert would compromise the principle that one party cannot waive the rights of another, even though neither insurer is a named party in this action. Applying the waiver doctrine to Traveler's, whose conduct was exactly as required by the law, also undermines the precept that the doctrine of waiver is based only on the conduct of the party against whom it is sought to be applied—in this case Traveler's. In the absence of a clear and unambiguous intention of the legislature to dramatically change these well-accepted principles, we decline to construe the statute in that way.

Based upon the foregoing, we conclude that a party does not waive the defense of lack of personal jurisdiction under § 802.06, STATS., when either answer filed by two different insurers on its behalf raises the defense. We conclude that each insurer has the ability to raise the issue of personal jurisdiction in its first responsive

pleading and the party waives the defense only if each of the insurers files a responsive pleading that fails to raise the defense, unless the issue was otherwise waived by a motion.[4]

Next, Honeycrest argues that Brave waived its personal jurisdiction objection by participating in the defense of this claim for nearly two years before bringing its motion to dismiss. Honeycrest contends that Brave was obligated under § 801.08(1), STATS., to bring this matter to the court's attention and request an immediate determination before further participating in the defense of this action. Section 801.08(1) provides: "All issues of fact and law raised by an objection to the court's jurisdiction over the person or property as provided by s. 802.06(2) shall be heard by the court without a jury in advance of any issue going to the merits of the case."

We conclude that conducting pretrial discovery, including the taking of depositions, does not constitute "going to the merits of the case," and therefore does not waive the personal jurisdiction objection. Appearances in the action, including the taking of depositions, do not waive the personal jurisdiction defense. *See Dietrich v. Elliott*, 190 Wis. 2d 816, 825, 528 N.W.2d 17, 21 (Ct. App. 1995). "If a defendant has properly raised his objection to jurisdiction in his answer, he may later take part in pretrial discovery or otherwise contest the merits of the action without waiving his objections to personal jurisdiction." *Id.* (quoting *Danielson v. Brody*

---

[4] We do not conclude that more than one answer may be filed on behalf of a defendant. Rather, we only conclude that under the facts of this case, the personal jurisdiction objection may be raised in a properly and timely filed responsive pleading on behalf of a defendant by either insurance company.

*Seating Co.*, 71 Wis. 2d 424, 431, 238 N.W.2d 531, 535 (1976)).

We note that it is good practice for the trial court to address such jurisdictional matters as soon as possible. However, the failure of the court to do so cannot be construed as a waiver of a party's rights to assert a defense properly pleaded and before the court. The trial court and the plaintiff were put on notice of the personal jurisdiction issue by the answer Traveler's filed. Either could have initiated the motion as well as Brave. We therefore find no merit in Honeycrest's contention that Brave's participation in the defense of this case before its jurisdictional objection was resolved resulted in the waiver of its personal jurisdiction objection.

Based on the foregoing, we conclude that the trial court correctly determined that the first responsive pleading Traveler's filed on Brave's behalf was sufficient to raise the issue of personal jurisdiction. Therefore, we conclude that the trial court properly dismissed the action against Brave.[5]

*By the Court.*—Judgment affirmed.

---

[5] The dismissal of Brave for lack of personal jurisdiction resolves all claims for which it would be responsible. Because neither insurance company was named as a defendant in this action, we do not address the issue whether General Casualty would be allowed to benefit from Traveler's raising of the defense if both insurers were named parties.