COURT OF APPEALS
DECISION
DATED AND FILED

July 19, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1323**

Cir. Ct. No. **2018CV3**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

VILLAGE OF BAY CITY,

PLAINTIFF-RESPONDENT,

V.

DAVID C. MEIXNER,

DEFENDANT-APPELLANT,

ROBERT L. LOBERG AND JAMES TURVAVILLE,

DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Pierce County: RIAN RADTKE, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  David C. Meixner appeals from the circuit court's grant of partial summary judgment, dismissing, as relevant to this appeal, all of Meixner's claims against Robert L. Loberg, the Village of Bay City's (the Village) attorney, and James Turvaville, the former Village Board President.[1]  In this real estate dispute between Meixner and the Village, Meixner filed counterclaims against the Village and purported third-party claims against Loberg and Turvaville for their actions related to the dispute.  The circuit court concluded that Loberg and Turvaville were entitled to dismissal of Meixner's claims due to his failure to comply with the terms of WIS. STAT. § 893.80(1d) (2019-20),[2] requiring notice of injury and notice of claim.

¶2    Upon our independent review and after supplemental briefing by the parties, we conclude that Meixner failed to properly commence a third-party action against Loberg and Turvaville, and the circuit court therefore lacked personal jurisdiction over them.  Accordingly, we affirm the court's dismissal of Meixner's claims against Loberg and Turvaville, but we do so on different grounds.

### BACKGROUND

¶3    The history of this case is protracted, but for our purposes, it began on January 4, 2018, when the Village filed suit against Meixner to gain title to four areas of land located in the Village.  The Village claimed that the four disputed

---

[1] For ease of reading, where necessary, we will refer to the Village, Loberg, and Turvaville, collectively, as "Respondents."

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  We acknowledge that the suit in this case was filed in 2018, but as the relevant statutes have not been amended, we will reference the 2019-20 version.

areas are public land, while Meixner argued that they belong to him. This issue is not before us on appeal.

¶4     Meixner filed an answer to the Village's suit on January 22, 2018, denying its claims and asserting multiple counterclaims against the Village. Meixner also initially filed claims against Loberg and ultimately amended his claims to include Turvaville. He denominated his claims against Loberg and Turvaville as counterclaims and later designated Loberg and Turvaville as "counterclaim defendants" by simply adding them to the case caption. Meixner filed multiple amendments to his pleadings, but the final claims against Loberg and Turvaville included slander of title, defamation, trespass and damage to property, and concealment and/or destruction of records.[3] As we explain below, given that Loberg and Turvaville were not plaintiffs in the case, any purported claims against them are appropriately designated as third-party claims. It is these third-party claims that are the subject of this appeal.

¶5     The Respondents moved for summary judgment on the Village's claims and on Meixner's counterclaims. Meixner opposed the motion and filed his own motion for summary judgment. After briefing, the circuit court held a hearing on the cross-motions for summary judgment and granted the Respondents' motion in part and, as relevant here, dismissed all Meixner's "counterclaims"

---

[3] Meixner's concealment and/or destruction of records claim was dismissed by the circuit court on summary judgment. Meixner does not appear to challenge the court's dismissal of that claim in his appellate briefing. Therefore, we will not further address that claim. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").

against Loberg and Turvaville by an order dated June 16, 2021.[4] The basis for the court's dismissal of Meixner's "counterclaims" was his failure to comply with the notice requirements under WIS. STAT. § 893.80(1d). Meixner appeals.[5] We will discuss further facts where pertinent to our analysis.

---

[4] The circuit court granted summary judgment to the Village as to two of the disputed areas of land. The court determined that there were questions of material fact precluding summary judgment as to the remaining disputed areas. A jury trial was scheduled to begin March 18, 2022, on those remaining issues.

On June 30, 2021, Meixner filed a petition for leave to appeal a nonfinal order in case No. 2021AP1167-LV, seeking to appeal the circuit court's grant of partial summary judgment to the Village and the dismissal of Meixner's counterclaims against the Village. We denied Meixner's petition for leave to appeal on December 10, 2021. Therefore, the issues pertaining to the Village's claims and Meixner's counterclaims against the Village are not before us on appeal.

The circuit court's June 16, 2021 order on the cross-motions for summary judgment was amended on June 25, 2021, to clarify that the order was a final order for purposes of appeal with respect to Meixner's "counterclaims" against Loberg and Turvaville. On November 9, 2021, the Village filed a petition to intervene in this appeal, explaining that "[t]here are commonalities of law and fact between the Village's defenses and [Loberg's and Turvaville's] defenses" and that if we were to reinstate any of Meixner's counterclaims against Loberg and Turvaville, it would also reinstate the claim against the Village. Meixner opposed the motion. We granted the Village's petition to intervene in this matter by an order dated December 14, 2021.

[5] As an initial matter, we note that the Village, in its response brief, lodged a "word count objection" against Meixner's brief-in-chief. According to the Village, "[i]n his 'Statement Requesting Oral Argument,' Meixner improperly makes argument as to the propriety of the Circuit Court's holdings. Meixner also includes substantial argument in his 'Statement of Issues.'" The Village claims that "these instances should count against Meixner's word count."

Under WIS. STAT. RULE 809.19(8)(c)1., the portions of Meixner's brief-in-chief comprising the statement of the case, the argument section, and the conclusion "shall not exceed 50 pages if a monospaced font or handwriting is used, or 11,000 words if a proportional serif font is used." Meixner has certified that the length of his brief is 10,872 words, which places him in technical compliance with the Rules of Appellate Procedure. We agree with the Village, however, that the inclusion of substantive matters—including standards of review, lengthy arguments, and record citations—within the statement of the issues and the statement requesting oral argument is a violation of the spirit of the Rules of Appellate Procedure, if not an outright violation. Although we admonish Meixner's counsel for such conduct, we will consider the brief in its entirety. Nevertheless, we remind counsel that we expect full compliance with the Rules of Appellate Procedure, including RULE 809.19(8)(c)1., in the future.

**DISCUSSION**

¶6      On appeal, the central issue as presented by the parties is whether Meixner complied with the notice requirements of WIS. STAT. § 893.80(1d).[6] Upon review, however, we concluded that supplemental briefing was necessary on the issue of whether Meixner properly commenced a third-party action against Loberg and Turvaville. *See State v. Holmes*, 106 Wis. 2d 31, 39-40, 315 N.W.2d 703 (1982) (holding that it is well recognized that courts may sua sponte consider legal issues not raised by the parties). We requested that the parties address three issues: (1) whether the circuit court had personal jurisdiction over Loberg and Turvaville; (2) whether Loberg and Turvaville waived the defense of lack of jurisdiction; and (3) if the court had personal jurisdiction over Loberg and Turvaville, whether there was a basis for their individual liability, separate and distinct from the Village, under the claims pled by Meixner.

¶7      Upon our review of the record on appeal and the parties' supplemental briefing, we conclude that the circuit court lacked personal jurisdiction over Loberg and Turvaville due to Meixner's failure to comply with the statutory requirements to commence a third-party action against either of them. Meixner's failure to properly commence an action against either Loberg or Turvaville constitutes a fundamental defect, such that Loberg and Turvaville could not waive the court's lack of personal jurisdiction. Accordingly, we affirm the court's dismissal of Meixner's claims against Loberg and Turvaville, albeit on

---

[6] The notice requirements under WIS. STAT. § 893.80(1d) require both "notice of injury" and "notice of claim" when an action is brought against certain governmental bodies. *See Yacht Club at Sister Bay Condo. Ass'n v. Village of Sister Bay*, 2019 WI 4, ¶20, 385 Wis. 2d 158, 922 N.W.2d 95.

different grounds. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) (we may affirm on different grounds than those relied on by the circuit court).

¶8 Meixner's introduction of Loberg and Turvaville into this lawsuit was procedurally defective from the beginning, as he failed to comply with the statutory requirements to commence a third-party action against either of them. Instead, on January 22, 2018, Meixner filed an answer to the Village's summons and complaint, titled "Answer, Affirmative Defenses and Counterclaims." Neither Loberg nor Turvaville were named parties in the Village's complaint; yet, Meixner's answer asserted counterclaims against the Village as well as "counterclaims" against Loberg. Confusingly, although not named in a counterclaim heading, Meixner also made allegations against Turvaville for slander of title in the January 22 pleading. Neither Loberg nor Turvaville were listed in the pleading caption.

¶9 The Village then replied to Meixner's counterclaims, alleging, among other things, that the circuit court lacked personal jurisdiction over Loberg due to "failure of proper service of process." In response, Meixner personally served Loberg and Turvaville with copies of his "Answer, Affirmative Defenses and Counterclaims" and an unauthenticated summons on June 4, 2018, and June 11, 2018, respectively.[7] The summons was dated May 31, 2018. The

---

[7] After our order requesting supplemental briefing from the parties, Meixner moved this court for permission to submit the certificates of service for Loberg and Turvaville from his "counterclaims" that were not filed with the circuit court. We first denied his motion to include materials outside the record in the appendix to his brief, but after Loberg and Turvaville responded with no objection to the motion, we withdrew our prior order and granted Meixner's request. Meixner's appendix to his supplemental brief included, among other things, copies of the certificates of service and the unauthenticated summons.

unauthenticated summons included in Meixner's appendix lists Loberg in the caption, but he was added as a "Counterclaim Defendant." No such denomination exists under our state statutes. Further, Turvaville was not listed at all in the caption of the summons provided to this court. Neither Loberg nor Turvaville were listed in the caption in any pleadings filed in the case until September 16, 2019. At no time did Meixner file a third-party summons or complaint with the court, nor did he serve Loberg or Turvaville with authenticated copies of those documents.

¶10 WISCONSIN STAT. § 803.05(1) governs third-party practice and provides in pertinent part that

> [a]t any time after commencement of the action, a defending party, as a 3rd-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party, or who is a necessary party under [WIS. STAT. §] 803.03.

WISCONSIN STAT. § 801.02(1) sets forth the applicable procedure to commence an action with the filing of a summons and complaint:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.[8]

---

[8] "Authentication shall be accomplished by the clerk's placing a filing stamp indicating the case number on each copy of the summons and the complaint." WIS. STAT. § 801.09(4). Further, the ninety days to serve the defendant may not be extended, even upon a showing of good cause. WIS. STAT. § 801.15(2)(a).

Thus, both filing of the summons and complaint with the court as well as service of an authenticated summons and complaint are required to initiate the third-party action. *See also* WIS. STAT. §§ 801.02(4), 893.02. A Wisconsin court obtains personal jurisdiction over a defendant by proper service of a summons upon the defendant. *See* WIS. STAT. §§ 801.05, 801.11; ***Hagen v. City of Milwaukee Emp.'s Ret. Sys. Annuity and Pension Bd.***, 2003 WI 56, ¶¶12-13, 262 Wis. 2d 113, 663 N.W.2d 268.

¶11    "[O]ur courts have recognized a distinction between service that is fundamentally defective, such that the court lacks personal jurisdiction over the defendant in the first instance, and service that is merely technically defective." ***Johnson v. Cintas Corp. No. 2***, 2012 WI 31, ¶26, 339 Wis. 2d 493, 811 N.W.2d 756 (citing ***American Fam. Mut. Ins. Co. v. Royal Ins. Co.***, 167 Wis. 2d 524, 533, 481 N.W.2d 629 (1992)). "[W]here the defect is technical, the court has personal jurisdiction only if the complainant can show the defendant was not prejudiced, and, where the defect is fundamental, no personal jurisdiction attaches regardless of prejudice or lack thereof." ***American Fam.***, 167 Wis. 2d at 533.

¶12    In ***American Family***, our supreme court held that failure to comply with the requirements of WIS. STAT. § 801.02(1) constitutes a fundamental defect, depriving the circuit court of personal jurisdiction regardless of prejudice to the defendant. ***American Fam.***, 167 Wis. 2d at 533-34; ***Hagen***, 262 Wis. 2d 113, ¶13 ("Failure to obtain personal jurisdiction over the defendant by statutorily proper service of process is a fundamental defect fatal to the action, regardless of prejudice."); *see also* ***Bendimez v. Neidermire***, 222 Wis. 2d 356, 361, 588 N.W.2d 55 (Ct. App. 1998) ("Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh."). The burden of proving a party is subject to the jurisdiction of the court is on the party

asserting jurisdiction. *Danielson v. Brody Seating Co.*, 71 Wis. 2d 424, 427-28, 238 N.W.2d 531 (1976). Whether a defect in a summons and complaint is fundamental such that it deprives the circuit court of personal jurisdiction is a question of law that we review independently. *See Burnett v. Hill*, 207 Wis. 2d 110, 121, 557 N.W.2d 800 (1997); *Bulik v. Arrow Realty, Inc. of Racine*, 148 Wis. 2d 441, 444, 434 N.W.2d 853 (Ct. App. 1988).

¶13 Here, we conclude that Meixner failed to comply with the requirements of WIS. STAT. § 801.02(1) for several reasons. First, Meixner did not file a third-party summons and complaint with the circuit court. Even if we could consider Meixner's "Answer, Affirmative Defenses and Counterclaims" as a "third-party complaint," there is still no dispute that Meixner failed to file a third-party summons with the court.

¶14 Second, while Meixner eventually served Loberg and Turvaville, that service was defective as the summons served was not an authenticated copy of a summons filed with the circuit court. Third, Meixner did not serve Loberg or Turvaville with an authenticated summons and third-party complaint within ninety days of filing. Rather, Loberg and Turvaville were personally served with the "Answer, Affirmative Defenses and Counterclaims" and an unauthenticated summons 133 and 140 days, respectively, from the filing of the purported "third-party complaint." Accordingly, Meixner did not properly commence a third-party action in this case by service of a summons and complaint pursuant to WIS. STAT. §§ 803.05(1) and 801.02(1). That defect is fundamental; thus, the court did not have personal jurisdiction over Loberg and Turvaville. The legal effect of Meixner's failure to comply with the statutes is that no third-party action was commenced against Loberg and Turvaville.

¶15 In his supplemental briefing, Meixner claims that Loberg and Turvaville waived the defense of lack of personal jurisdiction pursuant to WIS. STAT. §§ 801.06 and 802.06(8) by appearing in the case. We disagree that §§ 801.06 or 802.06(8) are applicable under the circumstances.[9] Section 801.06 provides in pertinent part:

> A court of this state having jurisdiction of the subject matter may, without a summons having been served upon a person, exercise jurisdiction in an action over a person with respect to any counterclaim asserted against that person in an action which the person has commenced in this state and also over any person who appears in the action and waives the defense of lack of jurisdiction over his or her person as provided in [§] 802.06(8).

Under § 802.06(8), a defense of lack of jurisdiction is waived if it is not included in a responsive pleading or in a motion.

¶16 Citing *Pulchinski v. Strnad*, 88 Wis. 2d 423, 276 N.W.2d 781 (1979), and *Hester v. Williams*, 117 Wis. 2d 634, 345 N.W.2d 426 (1984), Loberg and Turvaville argue that "the waiver provisions of [WIS. STAT. §] 802.06(8) do not apply in a situation such as this one where an action is considered not to be pending since it has not been properly commenced." In *Pulchinski*, the plaintiff—concerned that the statute of limitations on her claim would soon expire—filed a summons in the circuit court and served the summons on the defendants. *Pulchinski*, 88 Wis. 2d at 425. The plaintiff, however, did not file a complaint within the limitations period, and after the court initially granted the motion to

---

[9] We also note that Loberg was the only third-party defendant against whom Meixner made a "counterclaim" in his January 22, 2018 "Answer, Affirmative Defenses and Counterclaims." Loberg and the Village alleged a lack of personal jurisdiction over Loberg in their answer. Thus, there was no waiver. Although Turvaville was mentioned in the January 22 pleading, there was never an actual "counterclaim" made against Turvaville. Turvaville cannot be deemed to have waived a jurisdictional defense in an action that was not pending against him.

enlarge the time within which to file the complaint, it later reversed course and granted a motion to dismiss on statute of limitations grounds. *Id.* at 425-26.

¶17     Our supreme court affirmed, explaining that "[t]he failure to file the complaint with the summons was more than noncompliance with the procedure statutes. It was a failure to commence the action in the manner prescribed by court rule for the purpose of tolling the statute of limitations, and therefore there was no action pending." *Id.* at 427.    In response to the plaintiff's argument that defendants' failure to appear at a hearing on a motion to enlarge the time to file the complaint waived their right to seek dismissal of the action, the court concluded that waiver was inapplicable: "Because there was no action pending and the statutes define the obligations of the defendants when an action is pending, there was no obligation to raise the defense at the time plaintiffs brought their motion for enlargement of time, and thus no waiver." *Id.* at 429-30.

¶18     Similarly, in *Hester*, the question was also whether the plaintiff commenced a personal injury action within the statute of limitations. *Hester*, 117 Wis. 2d at 363. There, the defendants were personally served with a summons and complaint, but the summons and complaint had not been filed with the court prior to service and were, therefore, not authenticated. *Id.* at 427-28. Despite learning that the summons and complaint had not been filed with the court or authenticated, the defendants served the plaintiff with an answer without raising lack of personal jurisdiction as a defense. *Id.* at 428. Our supreme court, relying on *Pulchinski*, concluded that "the effect of the plaintiff's failure to file a summons and complaint prior to service was that no action was commenced prior to the running of the statute of limitations. The jurisdiction of the court was never invoked." *Hester*, 117 Wis. 2d at 640-41. On the issue of waiver, the court explained that

> the plaintiff did not commence an action pursuant to the Wisconsin statutes before the statute of limitations had run; therefore, there was no pending action. The waiver provisions of [WIS. STAT. §] 802.06 only apply when an action is pending. Since there was no pending action, the defendants had no duty to raise any defenses and, therefore, there was no waiver.

*Hester*, 117 Wis. 2d at 643 (citation omitted).

¶19    Similar to *Puchinski* and *Hester*, here, the circuit court's jurisdiction over Loberg and Turvaville was never invoked. As addressed above, Meixner failed to comply with the provisions of WIS. STAT. §§ 803.05(1) and 801.02(1) to properly commence a third-party action against Loberg and Turvaville. That failure was a fundamental defect that deprived the court of personal jurisdiction. Loberg and Turvaville therefore had no duty to raise a lack of personal jurisdiction defense, and, thus, there was no waiver.[10]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[10] As we have determined that the circuit court lacked personal jurisdiction over Loberg and Turvaville due to Meixner's failure to commence an action against them, and as that issue is dispositive, we do not address the question of whether there is a separate basis for Loberg and Turvaville to be held personally liable separate and distinct from the Village. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues if one is dispositive).