Elias D. PAGOUDIS, Plaintiff-Appellant,

v.

George J. KORKOS, M.D. and Bluemound Surgery
Center, LTD., Defendants-Respondents.

Court of Appeals

*No. 2009AP2965. Submitted on briefs March 2, 2010.
—Decided May 26, 2010.*

2010 WI App 83

(Also reported in 784 N.W.2d 740.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Rebecca Steinman* of *Schmidlkofer, Toth & Loeb, LLC*, Wauwatosa.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Mark E. Larson* and *Bradley S. Foley* of *Gutglass, Erickson, Bonville & Larson, S.C.*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Snyder, J.

¶ 1. NEUBAUER, P.J. Elias D. Pagoudis appeals from a summary judgment dismissing his complaint against Dr. George J. Korkos and Bluemound Surgery Center, Ltd. Pagoudis alleges that Korkos failed to inform him that a pathology report on a large tumor removed from Pagoudis's neck reflected the tumor was cancerous and recommended close follow up. The circuit court dismissed Pagoudis's claim as time-barred under the medical malpractice statute of repose, WIS. STAT. § 893.55(1m)(b) (2007–08).[1] Because Pagoudis's medical malpractice action was not commenced within five years of the alleged omission and does not fall under any exceptions to the statute of repose, we affirm.

## BACKGROUND

¶ 2. On February 15, 2000, Korkos removed a large tumor from Pagoudis's neck. The preliminary pathology report dated February 23, 2000, was that the tumor was benign. The final pathology report, dated March 8, 2000, indicated that the tumor was cancerous in nature and close follow up was recommended. Although the parties dispute the date of Pagoudis's last visit to Korkos's office—the last week of February or March 15—it is undisputed that Pagoudis did not return to see Korkos after March 2000. A reoccurrence of the tumor caused Pagoudis to request his prior medical records in July 2007. Pagoudis's file from Korkos's office included the pathology reports and also a March 15, 2000 note by Korkos: "The above patient

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

shows no evidence of recurrence. I have suggested that the patient be seen every two months because of the nature of this lesion." According to Pagoudis, he was not aware of the March 8, 2000 final pathology report until he received his records in July 2007 and he never saw Korkos on March 15, 2000.

¶ 3. Pagoudis filed this action against Korkos, Bluemound Surgery Center, Ltd., and the Wisconsin Patients Compensation Fund on November 14, 2008.[2] Pagoudis alleged that Korkos failed to inform him of the final pathology report results and failed to require follow-up care associated with his medical condition. Pagoudis additionally alleged that Korkos intentionally "conceal[ed] the true nature of the medical information known at the relevant times." Korkos requested summary judgment on the grounds that Pagoudis failed to file the action within the five-year medical malpractice statute of repose, WIS. STAT. § 893.55(1m)(b). Pagoudis opposed summary judgment based on his contention that the March 15, 2000 note was a fabrication created when he requested his medical records in July 2007 and designed to conceal Korkos's failure to inform him of the final pathology report.[3] Based on this alleged con-

---

[2] The Wisconsin Patients Compensation Fund was dismissed from the action on April 22, 2009, by stipulation.

[3] Pagoudis's affidavit in opposition to summary judgment avers:

> While waiting in Dr. Korkos' office for these records to be given to me in July of 2007, I formed the opinion that the medical assistant was creating a document for my chart based upon the manner in which she was acting, and her continued reasons why there would be a delay in providing me my medical records. After reading the record dated March 15, 2000, I reached the conclusion that she created this false medical record in a further attempt to conceal information from me.

cealment, Pagoudis alleged that his action fell under an exception to § 893.55(1m)(b).

¶ 4. Following a motion hearing on November 4, 2009, the circuit court granted summary judgment based on the absence of a genuine issue of material fact as to the application of the statute of repose. The circuit court determined that the statute of repose had run, and that Pagoudis had failed to establish concealment requiring the application of the WIS. STAT. § 893.55(2) exception. Pagoudis appeals.

## DISCUSSION

¶ 5. On appeal from a summary judgment we independently apply the methodology set forth in WIS. STAT. § 802.08(2) to the record de novo. *Halverson v. Tydrich*, 156 Wis. 2d 202, 207, 456 N.W.2d 852 (Ct. App. 1990). The methodology we apply has been stated often and we need not repeat it. *Id.* Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2). The inferences to be drawn from the moving party's proofs should be viewed in the light most favorable to the party opposing the motion, and doubts as to the existence of a genuine issue of material fact should be resolved against the party moving for summary judg-

However, on appeal, Pagoudis suggests that the note may have been created on or around March 15, 2000, now asserting that "[t]he assumption that the note was created in 2007 is premature because the depositions of Korkos or his office staff have not yet been taken." We note that, while Pagoudis refers to potential additional discovery, he did not pursue that issue before the trial court. *See* WIS. STAT. § 802.08(4).

238

ment. *Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980), *abrogated on other grounds by Olstad v. Microsoft Corp.*, 2005 WI 121, 284 Wis. 2d 224, 700 N.W.2d 139.

¶ 6. Under Wis. Stat. § 893.55(1m)(b), a medical malpractice action is barred if it is not commenced within five years of the alleged act or omission. As a statute of repose, this limitation can be quite arbitrary as it "bears no relation to the accrual of a cause of action and may take effect before an injury is discovered or even before an injury has occurred."[4] *Landis v. Physicians Ins. Co.*, 2001 WI 86, ¶ 37, 245 Wis. 2d 1, 628 N.W.2d 893. However, there are two clear exceptions to the time limits under § 893.55(1m)(b). Section 893.55(2) & (3). At issue here is § 893.55(2), which provides:

> If a health care provider conceals from a patient a prior act or omission of the provider which has resulted in injury to the patient, an action shall be commenced within one year from the date the patient discovers the

---

[4] The supreme court recently explained:

A statute of repose "limits the time period within which an action may be brought based on the date of the act or omission." A statute of repose may therefore bar an action before the injury is discovered or before the injury even occurs. "[B]y definition, a statute of repose *cuts off a right of action* regardless of the time of accrual." As such, when the legislature enacts a statute of repose, it "expressly cho[o]se[s] not to recognize rights after the conclusion of the repose period[ ]." In other words, a statute of repose does not merely extinguish a party's remedy, it extinguishes the right of recovery altogether. Therefore, statutes of repose do not violate the right to remedy provision of [Wis. Const.] Article I, Section 9 because any right of recovery is extinguished at the end of the repose period and the right for which the litigant seeks a remedy no longer exists.

*Kohn v. Darlington Cmty. Sch.*, 2005 WI 99, ¶ 38, 283 Wis. 2d 1, 698 N.W.2d 794 (citations omitted).

239

concealment or, in the exercise of reasonable diligence, should have discovered the concealment or within the time limitation provided by sub. (1m), whichever is later.

In our summary judgment analysis, we need not consider whether Korkos negligently failed to inform Pagoudis of the finding and recommendation of the final pathology report; we may assume he was negligent. *See Halverson,* 156 Wis. 2d at 208. Therefore, the sole question is whether a disputed issue of fact exists as to the application of the concealment exception to the statute of repose defense.[5] *See id.*

¶ 7. We begin by recognizing that disputed issues of fact exist as to whether Pagoudis actually saw or spoke with Korkos on March 15, 2000, and whether the note from March 15, 2000, in which Korkos reports having told Pagoudis to be seen every two months, is fabricated. Pagoudis's deposition testimony was that he returned to have stitches removed at the end of February, and Korkos told him that the tumor was benign and not to worry. Pagoudis contends he never saw Korkos after having the stitches removed. He returned in July 2007 to request his medical records. Korkos offered documents showing that Pagoudis had an appointment on March 15, 2000, and that the stitches were removed that day. However these disputed facts are not of consequence to the concealment issue.

---

[5] It is undisputed that absent the application of the exception, this action falls outside the statute of repose. The last date Korkos treated Pagoudis was late February or mid-March 2000; Pagoudis did not request mediation under Wis. Stat. ch. 655 until July 3, 2008; and this action was not filed until November 14, 2008. The limitation periods under Wis. Stat. § 893.55 are tolled by the filing of a request for mediation before commencing the action. *Landis v. Physicians Ins. Co.,* 2001 WI 86, ¶ 62, 245 Wis. 2d 1, 628 N.W.2d 893; Wis. Stat. § 655.44(4).

240

¶ 8. The relevant inquiry under WIS. STAT. § 893.55(2) is whether Korkos "conceal[ed] from a patient a prior act or omission of the provider which has resulted in injury to the patient . . . ." Pagoudis contends that the fabricated note creates a genuine issue of material fact as to concealment. He contends that the note reflects Korkos's knowledge of his failure to inform Pagoudis of the final pathology finding and recommendation and permits an inference that Korkos intended to conceal his omission. However, critical to our inquiry under § 893.55(2) is whether there are any facts to show that Korkos concealed the prior omission *from* Pagoudis, thereby causing his delay in bringing suit before the right of recovery was extinguished at the end of the five-year period. *See Kohn v. Darlington Cmty. Sch.*, 2005 WI 99, ¶ 38, 283 Wis. 2d 1, 698 N.W.2d 794 (a statute of repose does not merely extinguish a party's remedy, it extinguishes the right of recovery). The purpose of the exception is to permit malpractice actions against health care providers who by concealment cause the delayed filing that the statute is designed to prevent. Thus, the exception extends the five-year statute of repose when the concealment from the patient prevents or hinders discovery of the negligent act or omission prior to the extinguishment of the patient's right of recovery at the end of the period of repose.[6]

---

[6] While the statute does not expressly provide that the concealment must have caused the delay in bringing suit before the expiration of the five-year period, that this is the statutory purpose finds widespread support in case law addressing the interplay between concealment of prior negligent acts or omissions and periods of limitation. *See, e.g., State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 597, 598, 191 N.W.2d 23 (1971) (elements necessary to apply equitable estoppel include fraud or

¶ 9. Pagoudis's deposition testimony, if taken as true, establishes that he last saw Korkos in late February 2000, before Korkos had received the results of the final pathology report. Therefore, Korkos argues, and we agree, that he had no opportunity to conceal any negligence related to his failure to communicate the results of the final pathology report to Pagoudis. While Pagoudis responds that the note in and of itself amounted to an opportunity to conceal, the mere existence of the note in Pagoudis's medical records is not evidence of any conduct directed at Pagoudis so as to prevent him from discovering Korkos's prior negligence. Whether the note was fabricated after Pagoudis's request for medical records in July 2007 or whether the note existed in the file at some earlier time, there is no evidence that the note prevented Pagoudis from discovering the negligence prior to extinguishment of Pagoudis's right of recovery at the end of the period of repose in 2005. Our decision in *Halverson*, which also

inequitable conduct by the party asserting the statute of limitations and that the aggrieved party failed to commence an action within the statutory period because of the wrongful conduct); *Johnson v. Johnson*, 179 Wis. 2d 574, 582, 508 N.W.2d 19 (Ct. App. 1993) (same); *Foster v. Plaut*, 625 N.E.2d 198, 203–04 (Ill. App. 1993) (plaintiff must be able to show that defendant said or did something to lull or induce plaintiff to delay filing of claim until after limitation period had run); *Kern v. St. Joseph Hosp., Inc.*, 697 P.2d 135, 138–39 (N.M. 1985) (fraudulent concealment is based upon the principle that a defendant who has prevented the plaintiff from bringing suit within the statutory period should be estopped from asserting the statute of repose as a defense based on equitable estoppel); *Bowman v. McPheeters*, 176 P.2d 745, 747 (Cal. App. 1947) (to constitute fraudulent concealment the conduct must have the effect of preventing the patient from bringing an action before the period of limitation has expired).

addressed the concealment exception to WIS. STAT. § 893.55(1m)(b), provides guidance.

¶ 10. In *Halverson*, the plaintiff injured his ankle in November 1980. *Halverson*, 156 Wis. 2d at 209. His ankle was cast at Richland Hospital by Dr. Tydrich, after he had consulted with Dr. Cunningham about the proper course of treatment. *Id.* at 209–10. The plaintiff continued follow-up treatment with Tydrich through March 24, 1981, at which time Tydrich referred the plaintiff to Cunningham, who saw the plaintiff in March and September 1981. *Id.* at 210. During follow-up care, the plaintiff had pain and walking difficulties resulting from his foot turning outward. *Id.* Both Tydrich and Cunningham told the plaintiff that his problems would eventually go away, and Cunningham told the plaintiff that there was nothing physically wrong with his foot and ankle and blamed the problem on the way the plaintiff walked. *Id.* During an unrelated medical appointment at University of Wisconsin Hospital on December 16, 1986, a doctor noticed the rotation of the plaintiff's foot and referred him to an orthopedic surgeon, Dr. Breed, who determined that any orthopedic surgeon should have recognized that the plaintiff suffered from an external rotation deformity resulting from the casting. *Id.* at 210–11.

¶ 11. This court determined that Cunningham's negligent advice to Tydrich as to proper treatment and Tydrich's negligent casting of the plaintiff's leg constituted the "acts or omissions" giving rise to the plaintiff's claims and were concealed from him. *Id.* at 210. The *Halverson* court concluded that a genuine issue of material fact existed as to whether Tydrich and Cunningham had recognized the injury—had actual knowledge of the thing concealed—and, during subsequent treatment of the plaintiff, intentionally failed to dis-

243

close it. *Id.* at 212, 213–14. However, as to the plaintiff's claim against Richland Hospital, this court concluded: "No fact-finder could reasonably infer that the hospital concealed its negligence. [The plaintiff] made no showing that the hospital had contact with him after he left the hospital on November 19, 1980. [The plaintiff] therefore failed to rebut the hospital's *prima facie* defense based on the statute of limitations." *Id.* at 214.

¶ 12. Unlike the physicians in *Halverson,* who allegedly had actual knowledge of their negligence and intentionally failed to disclose it during their subsequent contacts with the plaintiff, the facts here, viewed in the light most favorable to Pagoudis, demonstrate that Korkos, like Richland Hospital, did not have the opportunity to conceal his negligence from Pagoudis during the five-year statute of repose. Pagoudis claims Korkos never saw him or communicated with him following the late February visit. Here, Pagoudis has failed to rebut Korkos's defense based on the statute of repose. There simply are no facts to show that Korkos's note concealed the prior negligent omission *from* Pagoudis. *See id.* (a fact finder cannot reasonably infer concealment when a defendant has no contact with the plaintiff after alleged negligent act or omission). Moreover, there is no evidence that the note prevented Pagoudis from bringing an action prior to extinguishment of Pagoudis's right to bring a claim in 2005.

## CONCLUSION

¶ 13. We conclude that the circuit court properly granted summary judgment in favor of Korkos. There is no genuine issue of material fact as to the application of concealment exception to the statute of repose under Wis. Stat. § 893.55(2). Pagoudis has failed to demon-

244

strate that Korkos's alleged concealment caused Pagoudis's delay in discovering the negligent omission until after his right of recovery was extinguished pursuant to the statute of repose.

*By the Court.*—Judgment affirmed.