# COURT OF APPEALS
# DECISION
# DATED AND FILED

## March 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1214**

STATE OF WISCONSIN

Cir. Ct. Nos. **2017CV2791**
**2019CV119**

IN COURT OF APPEALS
DISTRICT I

CRAIG LAFAYETTE STINGLEY,

      PLAINTIFF,

  V.

JOHN LACZKOWSKI, OD, VISION WORKS
(WEST ALLIS, BUSINESS UNIT), HIGHMARK
INCORPORATED (PARENT COMPANY) AND
VISION WORKS OF AMERICA (SUBSIDIARY),

      DEFENDANTS.

------------------------------------------------------------

CRAIG LAFAYETTE STINGLEY,

      PLAINTIFF-APPELLANT,

  V.

WILLIAM JOSEPH VINCENT, OD,

      DEFENDANT-RESPONDENT.

APPEAL from orders of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed and cause remanded with directions*.

Before Dugan, Graham and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1　PER CURIAM.　Craig L. Stingley, who is self-represented, appeals circuit court orders arising from his Chapter 655 medical malpractice claims against two optometrists, Dr. John P. Laczkowski and Dr. William Vincent. Both optometrists were employed at relevant times by Vision Works, which is also a defendant in the ongoing circuit court proceedings.[1] Stingley alleges that Dr. Laczkowski and Dr. Vincent failed to diagnose his glaucoma during examinations between 2009 and 2014, and that his resulting vision loss could have been prevented had he been diagnosed at that time.

¶2　Stingley argues that the circuit court erred by partially dismissing his claims against Dr. Laczkowski and by dismissing his claim against Dr. Vincent. He also argues that the circuit court erred by sanctioning him for pursuing a frivolous claim against Dr. Vincent. All of Stingley's arguments turn on the interpretation and application of WIS. STAT. § 893.55 (2017-18),[2] which sets forth

---

[1] Also included as defendants in the circuit court proceedings are Vision Works of America and Highmark Incorporated. For the reasons we explained in an order dated November 12, 2019, and that we elaborate on further in the discussion section below, Dr. Laczkowski, Vision Works, Vision Works of America, and Highmark Incorporated are not respondents in this appeal. The sole respondent is Dr. Vincent.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

a statute of limitations and a statute of repose for medical malpractice claims. Stingley argues that his claims against both optometrists were timely because, among other reasons, Vision Works "concealed" his vision examination records.

¶3      We do not address Stingley's arguments about his claims against Dr. Laczkowski because we do not have appellate jurisdiction over those claims. As to Stingley's claim against Dr. Vincent, we affirm the circuit court's orders because, we conclude, his claim is barred by the applicable statute of limitations, and the court properly sanctioned Stingley for continuing to pursue an untimely claim.[3]  Finally, we grant Dr. Vincent's motion for sanctions against Stingley for filing a frivolous appeal, and we remand for the circuit court to determine an appropriate award of attorney fees and costs related to this appeal.

## BACKGROUND

¶4      This appeal arises from two separate lawsuits, which were eventually consolidated into a single circuit court case.  While the legal issues are relatively straightforward, the factual and procedural history leading up to this appeal are somewhat complex.

¶5      Stingley had his eyes examined by optometrists at Vision Works on several occasions between 2009 and 2014.  He was subsequently diagnosed with advanced glaucoma by a different optometrist on April 6, 2016.  Shortly thereafter, he requested a copy of his vision health exam records from Vision

---

[3] The Honorable Glenn H. Yamahiro presided over the proceedings on Dr. Laczkowski's motion for summary judgment and entered the order granting partial summary judgment in his favor.  The Honorable Jeffrey A. Conen presided over Dr. Vincent's motion for dismissal and motion for sanctions and entered orders granting both motions.

Works.  Vision Works provided a copy of two eyeglass prescriptions, and it informed Stingley that the remainder of his records had been "lost in a flood."

**The Laczkowski Lawsuit**

¶6     On March 22, 2017, Stingley filed a request for mediation under WIS. STAT. § 655.44, and several weeks later, he filed a lawsuit against Dr. Laczkowski, Vision Works, Highmark Incorporated, and Vision Works of America.  For ease of reference, we refer to this lawsuit as the "Laczkowski lawsuit" and these defendants as the "Laczkowski defendants."  Stingley alleged that Dr. Laczkowski examined his eyes on at least three occasions between January 2009 and January 2014,[4] and that Dr. Laczkowski negligently failed to diagnose his glaucoma on those occasions.  According to Stingley, he did not discover his injury until April 6, 2016, the date that his glaucoma was diagnosed.

¶7     Shortly after Stingley filed the Laczkowski lawsuit, Vision Works located and produced his vision health examination records.  This production occurred on May 10, 2017—thirteen months after Stingley first requested records from Vision Works.  The records contained, among other things, the name of Dr. Vincent, a second Vision Works optometrist who had provided care to Stingley on one occasion.

¶8     The Laczkowski defendants moved to dismiss the claims as untimely under WIS. STAT. § 893.55(1m).  This statute sets forth the statute of limitations for medical malpractice claims, and it also provides a five-year statute of repose.

---

[4] The parties dispute the number of examinations and their specific dates, but those disputes are not germane to the issues before us.

¶9      In an order entered on July 6, 2017, the court dismissed all claims arising out of acts or omissions on the part of the Laczkowski defendants prior to March 22, 2012, on the grounds that the statute of repose would bar such claims.[5] *See* WIS. STAT. § 893.55(1m)(b).   In so doing, the court rejected Stingley's argument that he could pursue claims based on the care he received before March 22, 2012, under the "continuum of care" doctrine; according to the court, the examinations performed at Vision Works were too far separated in time to constitute a single continuum of care.  The court also rejected Stingley's argument that Vision Works' alleged "concealment" of his medical records prevented Stingley from discovering the Laczkowski defendants' negligence, providing an exception to the statute of repose.  For ease of reference, we refer to the court's July 6, 2017 order as the "Laczkowski partial dismissal order."

¶10     Shortly thereafter, Stingley filed an amended summons and complaint.   The amended complaint rehashed Stingley's time-barred claims against Dr. Laczkowski.[6]  It also attempted to name Dr. Vincent as an additional defendant.  However, Stingley did not timely serve Dr. Vincent with the amended summons and complaint[7] and, therefore, the court dismissed Dr. Vincent without prejudice from the Laczkowski lawsuit.

---

[5] The circuit court used March 22, 2012, as the cutoff date because it was exactly five years prior to the date that Stingley filed his request for mediation under WIS. STAT. § 655.44.

[6] Additionally, over the following months, Stingley filed multiple motions for reconsideration of the Laczkowski partial dismissal order.  The circuit court denied all of these motions, and it reaffirmed that Stingley was limited to claims arising from alleged negligent conduct that occurred after March 22, 2012.

[7] *See* WIS. STAT. § 801.02(1) (providing that an authenticated copy of the summons and complaint must be served on the defendant within 90 days of filing).

¶11    After the deadline for adding parties had passed, Stingley filed a "motion for joinder," which asked the court for more time to join Dr. Vincent to the Laczkowski lawsuit. Stingley argued that he had been unable to locate Dr. Vincent to serve him with the amended complaint. The circuit court denied Stingley's motion on the ground that, "[f]or the purposes of the pending action, all claims against Dr. Vincent are barred by the statute of limitations per WIS. STAT. § 893.55(1m)." At the same time, the court denied a motion from Dr. Vincent seeking sanctions for what he referred to as a frivolous filing. The court noted that sanctions could be revisited if "anything else comes up in the future."

**The Vincent Lawsuit**

¶12    On January 4, 2019, Stingley filed a separate lawsuit naming Dr. Vincent as the sole defendant.[8] Stingley alleged that Dr. Vincent examined his vision on one occasion, January 6, 2014, and that Dr. Vincent provided negligent care on that date. This time, Stingley timely served Dr. Vincent with the summons and complaint. For ease of reference, we refer to this lawsuit as the "Vincent lawsuit."

¶13    Dr. Vincent served Stingley with a "safe harbor" letter and a draft motion for sanctions in accordance with WIS. STAT. § 802.05(3)(a). Dr. Vincent asserted that the statute of limitations had expired and that he considered the filing

---

[8] The parties dispute whether Stingley commenced this lawsuit on January 4, 2019, or January 7, 2019. Dr. Vincent points to the date stamp on the filed summons and complaint, which indicates January 7, 2019, as the filing date. Stingley points to a notation made by the circuit court clerk in the electronic docket acknowledging that the date stamp is not accurate, and that the documents were actually filed on January 4, 2019. Our conclusion would remain the same applying either of these dates, and we assume without deciding that the date of filing was January 4, 2019.

6

to be frivolous. He also informed Stingley that he would seek sanctions against Stingley if he did not voluntarily dismiss the Vincent lawsuit.

¶14 Stingley declined to voluntarily dismiss the Vincent lawsuit, and soon thereafter, it was consolidated with the Laczkowski lawsuit.

## The Consolidated Lawsuit

¶15 In the consolidated lawsuit, Dr. Vincent proceeded to move for dismissal and sanctions. Shortly thereafter, he filed a proposed dismissal order at the request of the circuit court. Stingley objected to the proposed order. He argued, among other things, that Dr. Vincent's identity had been "fraudulently concealed," and that his claims were timely under the concealment exception to the statute of limitations. *See* WIS. STAT. § 893.55(2).

¶16 The court disagreed. On June 7, 2019, it entered an order dismissing Stingley's medical malpractice claim against Dr. Vincent on the ground that it was barred under the applicable statute of limitations. We refer to this order as the "Vincent dismissal order." Then, on August 5, 2019, it entered an order granting Dr. Vincent's motion for sanctions and requiring Stingley to pay Dr. Vincent's reasonable attorney fees and costs. We refer to this order as the "Vincent sanctions order."

¶17 We present additional background about these motions and other pertinent facts as needed in the discussion section below.

## DISCUSSION

¶18 Stingley appeals the Vincent dismissal order and the Vincent sanctions order, both of which are final orders relating to Stingley's claim against

Dr. Vincent. His notice of appeal also identifies the Laczkowski partial dismissal order, as well as the orders denying his multiple motions for reconsideration of that order, and his appellate briefs advance a number of arguments that specifically pertain to his claims against the Laczkowski defendants. Among other things, he argues that the continuum of care doctrine preserves his medical malpractice claims against the Laczkowski defendants, including those arising out of alleged negligent acts or omissions prior to March 22, 2012.[9]

¶19 Our analysis begins by briefly explaining why we do not have appellate jurisdiction over Stingley's claims against the Laczkowski defendants. After addressing this threshold issue, we turn to Stingley's appeal of the circuit court orders relating to his claim against Dr. Vincent.

## I. Stingley's Claims Against the Laczkowski Defendants

¶20 With exceptions that do not apply here, the court of appeals has appellate jurisdiction in two circumstances: (1) under WIS. STAT. § 808.03(1) if the circuit court enters an order that is final for purposes of appeal and the party files a timely notice of appeal of that order; or (2) under § 808.03(2) if the circuit court enters a non-final order, the party petitions for interlocutory review, and we grant the petition. Neither set of circumstances is satisfied regarding Stingley's claims against the Laczkowski defendants.

---

[9] Stingley's arguments about the continuum of care doctrine have no bearing on the claim against Dr. Vincent because Dr. Vincent provided care to Stingley on just one occasion, which was the final time that Stingley sought medical care at Vision Works.

¶21    We do not have jurisdiction under WIS. STAT. § 808.03(2) because Stingley did not seek interlocutory review of the Laczkowski partial dismissal order or any of his motions for reconsideration of that order.

¶22    Nor do we have jurisdiction under WIS. STAT. § 808.03(1) because there is no final order as to the Laczkowski defendants.  An order is final for the purposes of appeal if it "'disposes of the entire matter in litigation'" as to one or more parties.  *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶16, 299 Wis. 2d 723, 728 N.W.2d 670 (quoting § 808.03).  Here, the Laczkowski partial dismissal order is not final because it did not "dispose of the entire matter in litigation" as to any of the defendants.  Instead, it allowed Stingley to continue to pursue claims against the Laczkowski defendants to the extent that the claims are based on acts or omissions that occurred after March 22, 2012.

¶23    Turning to the Vincent dismissal order, it is final as to the claim against Dr. Vincent, but it did nothing to address Stingley's pending claims against the Laczkowski defendants.  An order may be final as to one defendant but not another, *Culbert v. Young*, 140 Wis. 2d 821, 825, 412 N.W.2d 551 (Ct. App. 1987), and here, the Vincent dismissal order is final as to Dr. Vincent, but not as to any other defendant.

¶24    Accordingly, we do not have jurisdiction to review the circuit court's decisions with regard to Stingley's claims against the Laczkowski defendants.  Therefore, we address these claims no further.

## II.  Stingley's Claims Against Dr. Vincent

¶25    We turn to Stingley's claims against Dr. Vincent.  We first consider whether the circuit court properly dismissed the claims against him as time-barred

under the applicable statute of limitations, and we conclude that it did. We next consider whether the court properly found that the Vincent lawsuit was frivolous, and we conclude that the court's order awarding sanctions was not erroneous. Finally, we turn to Dr. Vincent's motion for sanctions on appeal and grant it for the reasons we explain below.

## A. The Vincent Dismissal Order

¶26 The parties agree that Stingley's claims against Dr. Vincent are subject to the statute of limitations set forth in WIS. STAT. § 893.55(1m) and (2), but they dispute how the statute of limitations applies to the facts of this case. To resolve their dispute, we are required to interpret a statute and apply it to undisputed facts. This task presents questions of law, which we review *de novo*. ***Kroeger v. Kroeger***, 120 Wis. 2d 48, 50, 353 N.W.2d 60 (Ct. App. 1984).

¶27 WISCONSIN STAT. § 893.55(1m) and (2) provides as follows:

(1m) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

(a) Three years from the date of the injury, or

(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

(2) If a health care provider conceals from a patient a prior act or omission of the provider which has resulted in injury to the patient, an action shall be commenced within one year from the date the patient discovers the

concealment or, in the exercise of reasonable diligence, should have discovered the concealment or within the time limitation provided by sub. (1m), whichever is later.[10]

¶28    By its plain language, WIS. STAT. § 893.55 sets forth alternative limitations periods depending on when the injury occurred (para. (1m)(a)), when the injury was discovered (para. (1m)(b)), and whether a health care provider concealed from the patient any act or omission resulting in injury (subsec. (2)). Before discussing the application of these limitations periods to Stingley's claim against Dr. Vincent, we briefly recap the dates of pertinent events.

¶29    It is undisputed that Dr. Vincent saw Stingley on only one occasion, January 6, 2014, and that, to the extent Dr. Vincent was negligent, his negligent acts or omissions occurred on that date. Stingley discovered his advanced glaucoma and resulting vision loss no later than April 6, 2016, when it was diagnosed by a glaucoma specialist. On May 10, 2017, Vision Works turned over documents that identified Dr. Vincent as the optometrist who had examined Stingley on January 6, 2014. Finally, Stingley attempted to commence an action against Dr. Vincent in 2017, but he did not successfully commence a lawsuit against Dr. Vincent until January 4, 2019.[11]

---

[10] WISCONSIN STAT. § 893.55(3) contains an additional exception to the statute of limitations period set forth in subsec. (1m), which applies when a foreign object which has no therapeutic or diagnostic purpose or effect has been left in a patient's body. This exception has no application to the facts of this case.

[11] Some portions of Stingley's brief appear to suggest that his 2017 amended complaint naming Dr. Vincent tolls or otherwise affects the limitations period. If Stingley intends to make that argument, it is incorrect. The filing of a lawsuit alone is insufficient to toll the limitations period if the lawsuit is not properly commenced by timely serving the defendant. *Honeycrest Farms, Inc. v. Brave Harvestore Sys., Inc.*, 200 Wis. 2d 256, 262-63, 546 N.W.2d 192 (Ct. App. 1996). In such a case, the court lacks personal jurisdiction over that defendant and the limitations period continues to run. *Id.*

¶30    WISCONSIN STAT. § 893.55(1m)(a) sets forth a three-year injury-based limitations period.  Under para. (a), the patient has three years from the date of injury to commence an action.  Although Stingley does not specifically identify the date of his injury, he does not argue that his lawsuit was commenced within three years of his injury.  The parties appear to agree that by the time Stingley filed suit against Dr. Vincent in 2019, the three-year injury-based limitations period found in para. (a) had already expired.

¶31    WISCONSIN STAT. § 893.55(1m)(b) recognizes that patients may not discover their injuries until after the injury-based limitations period has expired.  To address this concern, para. (b) sets forth a discovery rule, counterbalanced by a statute of repose.  Under para. (b)'s discovery-of-injury rule, the patient can commence an action within one year of when the injury was or should have been discovered.  Yet there is a limit to how far the limitations period can be extended—under the statute of repose, the action may not be commenced "more than 5 years from the date of the act or omission," regardless of when the injury was discovered.

¶32    The parties dispute the significance of the five-year statute of repose in WIS. STAT. § 893.55(1m)(b), and we address this dispute below.  For now, it suffices to conclude that, because Stingley discovered his injury no later than April 2016, the one-year discovery-of-injury-based limitations period found in para. (b) could extend the limitations period only so far as April 2017.  Stingley did not file suit against Dr. Vincent until January 2019 and, therefore, para. (b)'s discovery-of-injury rule does not preserve his claim.

¶33    Finally, WIS. STAT. § 893.55(2) recognizes that a health care provider may attempt to conceal negligent acts or omissions, thereby preventing the discovery of the malpractice until after the statute of repose has already expired.  *See **Pagoudis v. Korkos**, 2010 WI App 83, ¶8 & n.6, 326 Wis. 2d 234,

784 N.W.2d 740 (discussing the purpose of § 893.55(2)). Subsection (2) sets forth an exception that comes into play in such circumstances—if a healthcare provider conceals a negligent act or omission from the patient, the limitations period may be further extended beyond the five-year statute of repose. Under subsec. (2), the patient may commence an action "within one year from the date the patient discovers [or should have discovered] the concealment … or within the time limitation provided by sub. (1m), whichever is later."

¶34    Stingley argues that the concealment exception applies because Vision Works told Stingley that his records were "lost in a flood" and successfully concealed Dr. Vincent's identity for thirteen months. We assume without deciding that the concealment exception applies to these facts.[12] Even so, it would not preserve Stingley's claims. At most, it would extend the limitations period for one year after Stingley discovered or should have discovered the concealment. Here, it is undisputed that Stingley possessed the documents needed to discover Dr. Vincent's identity no later than May 10, 2017. Indeed, during a hearing on June 26, 2017, Stingley informed the court that he was aware of Dr. Vincent and intended to join him in the Laczkowski lawsuit. Therefore, application of the one-

---

[12] Dr. Vincent makes several arguments against the application of the concealment exception. Among other things, he argues that any concealment by Vision Works did not delay Stingley from filing suit. *See Pagoudis v. Korkos*, 2010 WI App 83, ¶8 & n.6, 326 Wis. 2d 234, 784 N.W.2d 740. Dr. Vincent also argues that any concealment by Vision Works was not intentional. Finally, he argues that there are no facts suggesting that Dr. Vincent himself concealed any records. *See Halverson v. Tydrich*, 156 Wis. 2d 202, 213-14, 456 N.W.2d 852 (Ct. App. 1990) (holding that a hospital was properly dismissed from a medical malpractice lawsuit when there was no reasonable showing that the hospital itself concealed any negligent act or omission of the doctor who negligently treated the plaintiff). We need not address these arguments because we determine that Stingley's claims were untimely, even if the concealment exception applies to these facts. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

year discovery-of-concealment rule found in WIS. STAT. § 893.55(2) would push back the limitations period no later than May or June of 2018. It does not preserve Stingley's claim against Dr. Vincent, which, again, was not commenced until January 2019.

¶35    Stingley's primary argument to the contrary is based on an incorrect interpretation of WIS. STAT. § 893.55. Throughout his brief, Stingley asserts that para. (1m)(b)'s five-year statute of repose was "activated" by the concealment of his records. Consequently, he argues, his claims were timely as long as they were filed by January 6, 2019.[13] In other words, Stingley appears to be arguing that, because Vision Works concealed his records for a period of thirteen months, the limitations periods found in para. (1m)(a), para. (1m)(b), and subsec. (2) no longer apply to his claim. As we understand it, Stingley appears to be arguing that he is entitled to commence his action at any point within the five-year statute of repose.

¶36    There is no support for Stingley's argument in the plain language of the concealment exception statute, WIS. STAT. § 893.55(2). Again, subsec. (2) provides that "an action shall be commenced within one year from the date the patient discovers [or should have discovered] the concealment … or within the time limitation provided by sub. (1m), whichever is later." As discussed above, Stingley's claim was untimely under the three-year injury-based limitations period found in para. (1m)(a), the one-year discovery-of-injury-based limitations period

---

[13] Stingley is somewhat inconsistent about when he claims the statute of repose was "activated," however, we understand Stingley to be arguing that the statute of repose started running on the date Dr. Vincent examined his eyes and did not expire until January 6, 2019, exactly five years later. To the extent that Stingley may be asserting that the five-year statute of repose started running on a later date, such as the date of the alleged concealment or the date that the concealment was discovered, that assertion is also unsupported by the language of WIS. STAT. § 893.55.

found in para. (1m)(b), and the one-year discovery-of-concealment-based limitations period found in subsec. (2).

¶37 Stingley argues that these limitations periods no longer apply and that he can file anytime within the five-year statute of repose, but this argument is founded on an incorrect understanding of the distinctions between statutes of limitations and statutes of repose. Both may be relevant in determining whether a claim is untimely, but there are significant differences between the two types of statutes. *Aicher ex rel. LaBarge v. Wisconsin Patients Comp. Fund*, 2000 WI 98, ¶26, 237 Wis. 2d 99, 613 N.W.2d 849. One such difference is when each starts running. A statute of repose starts running the moment of a defendant's negligent act or omission, regardless of whether the patient's cause of action has accrued. *Id.* By contrast, a statute of limitations starts running when a cause of action has accrued or been discovered, and it "establishes the time frame within which a claim must be initiated after a cause of action actually accrues." *Id.*

¶38 Contrary to Stingley's argument, the statute of repose found in WIS. STAT. § 893.55(1m)(b) does not guarantee a five-year-period within which to file medical malpractice claims. This remains true even if concealment is proven to have had occurred. Based on the plain language of subsec. (b), the statute of repose provides an absolute end point to how far the limitations period can be extended under the one-year discovery-of-injury rule.[14] Nevertheless, a plaintiff's

---

[14] *See* WIS. STAT. § 893.55(1m)(b) (providing that the action must be commenced within "[o]ne year from the date the injury was [or should have been] discovered … except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission").

claim may be barred by the applicable statute of limitations, even when the statute of repose has not yet expired.

¶39    Simply put, Stingley cannot ignore the applicable statute of limitations on the grounds that he filed the Vincent lawsuit within the five-year statute of repose.  Therefore, we conclude that the circuit court properly dismissed the claim against Dr. Vincent because it was time-barred under the limitations periods found in WIS. STAT. § 893.55(1m)(a), (1m)(b), and (2), alike.

¶40    Having resolved Stingley's arguments about the statute of limitations and repose, we pause to acknowledge that Stingley puts forward an array of other arguments within his brief, all of which he contends support the reversal of the circuit court.   Apart from the arguments pertaining to the Laczkowski defendants that we have already addressed, Stingley's additional arguments include, among other things, an assertion that the medical malpractice damages cap found in WIS. STAT. § 893.55 is unconstitutional,[15] an assertion about informed consent, and an assertion that some or all of the defendants falsified records.  "An appellate court need not address every issue raised by the parties when one issue is dispositive."  *Barrows v. American Fam. Ins. Co.,* 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508.  None of these arguments pertain to the interpretation or application of the statute of limitations to Stingley's claim

_____

[15] An additional reason that we do not address Stingley's constitutional challenge is because he develops this argument for the first time on appeal.  As best as we can discern, the sole reference to the damages cap in the circuit court record was during a hearing regarding the Laczkowski defendants' motion to dismiss.  During that hearing, Stingley commented that the cap was the reason he was unable to find a lawyer to represent him.  Stingley never sought a declaratory judgment or filed a motion asking the circuit court to consider the constitutionality of the cap.  "Except in rare circumstances that are not present here, we will not address an issue that an appellant raises for the first time on appeal[.]"  *Green v. Hahn*, 2004 WI App 214, ¶21, 277 Wis. 2d 473, 689 N.W.2d 657.

against Dr. Vincent, and we have concluded that the Vincent lawsuit was properly dismissed on that basis. Therefore, we decline to specifically address the underdeveloped arguments that Stingley has scattered throughout his briefs.

## B. The Order Granting Sanctions

¶41 We now turn to the circuit court's determination that the Vincent lawsuit was frivolous. Pursuant to WIS. STAT. § 802.05(2)(b), any person who signs a pleading and files it in court certifies that, to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, the legal claims in the pleading are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." If a person signing the pleading knew or objectively should have known that its claims fail to meet this standard, a court may determine that the pleading is frivolous and impose sanctions. *See* § 802.05(3). Statutes authorizing sanctions for frivolous filings help maintain the integrity of the judicial system and the legal profession. *Sommer v. Carr*, 99 Wis. 2d 789, 799, 299 N.W.2d 856 (1981). Nevertheless, this is "'an especially delicate area,'" and "a court must be cautious in declaring an action frivolous" to avoid stifling the development of the law. *Juneau Cnty. v. Courthouse Emps.*, 221 Wis. 2d 630, 640, 585 N.W.2d 587 (1998) (citation omitted).

¶42 We review a circuit court's determination of frivolousness as a mixed question of fact and law. *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 236, 517 N.W.2d 658 (1994). We will not upset a circuit court's findings of fact unless they are clearly erroneous. *Wisconsin Chiropractic Ass'n v. State of Wisconsin Chiropractic Examining Bd.*, 2004 WI App 30, ¶16, 269 Wis. 2d 837, 676 N.W.2d 580. Whether a legal theory is justified by existing law or a good

faith argument for a change in the law presents a question of law, which this court reviews independently. *Id.*, ¶¶16-17.

¶43 Here, Stingley had extensive exposure to the provisions of WIS. STAT. § 893.55 as a result of representing himself in the Laczkowski lawsuit. By the time he filed the Vincent lawsuit, Stingley knew or should have known that the three-year injury-based limitations period found in para. (1m)(a), the one-year discovery-of-injury-based limitations period found in para. (1m)(b), and the one-year discovery-of-concealment-based limitations period found in subsec. (2) had all expired.

¶44 Dr. Vincent also served Stingley with a detailed, four-page "safe harbor" letter pursuant to WIS. STAT. § 802.05(3)(a)1., along with a draft motion for sanctions. Dr. Vincent's letter explicitly outlined the applicable statutes of limitations and explained why they barred the claim against him. The purpose of this letter was to provide Stingley with a grace period to withdraw a frivolous pleading to prevent sanctions. *See* ***Trinity Petroleum, Inc. v. Scott Oil Co.***, 2007 WI 88, ¶27, 302 Wis. 2d 299, 735 N.W.2d 1. Despite the fair warning, Stingley decided not to dismiss the Vincent lawsuit. Then, in his response to the motion to dismiss, he failed to respond to or even acknowledge the specific arguments that Dr. Vincent had advanced in the safe harbor letter. Instead, as the circuit court recognized when ruling on Dr. Vincent's motions to dismiss and for sanctions, Stingley continued to assert the same arguments that the court had previously rejected, without articulating any legal basis for asserting that the court's prior decisions had been wrong.

¶45 We recognize that statutes of limitations can be complicated to calculate and apply. However, our supreme court has determined that self-

represented individuals are bound by the same rules that apply to attorneys. *Waushara Cnty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Here, based on our review of the record, we are persuaded that Stingley knew or should have known that more than three years had passed since his injury, more than one year had passed since he discovered his injury, more than one year had passed since he discovered the alleged concealed records revealing Dr. Vincent's identity, and the statute of repose could not be used to resurrect a claim that was time-barred by the applicable statute of limitations. Additionally, Stingley does not advance any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Therefore, the circuit court properly awarded sanctions in Dr. Vincent's favor.

### III. Appellate Fees and Costs

¶46 On appeal, Dr. Vincent filed a motion seeking an award for reasonable appellate attorney fees and costs, and other appropriate sanctions pursuant to WIS. STAT. §§ 809.25(3), 809.83(2), and 895.044. To grant such a motion, we must decide whether this appeal is frivolous. This presents a question of law, tested by an objective standard based on "what a reasonable party … knew or should have known under the same or similar circumstances." *Howell v. Denomie*, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. We conclude that Stingley's appeal is frivolous for at least two reasons.

¶47 First, Stingley's appeal of the dismissal of the Vincent lawsuit is frivolous for many of the same reasons that we concluded that the Vincent lawsuit was itself frivolous. Even self-represented litigants are required "to make a reasonable investigation of the facts and the law before filing an appeal." *Holz v. Busy Bees Contracting, Inc.*, 223 Wis. 2d 598, 608, 589 N.W.2d 633 (Ct. App.

1998). Just as we concluded that Stingley should have known that the Vincent lawsuit was time-barred under any of the applicable statutes of limitation, we likewise conclude that an objectively reasonable litigant would know that an appeal of the dismissal of his lawsuit on those precise grounds is "without any reasonable basis in law or equity." WIS. STAT. § 809.25(3)(c)2.

¶48 Second, we informed Stingley in an order dated November 12, 2019, that he could not appeal the Laczkowski partial dismissal order at this time and that the Laczkowski defendants "are not proper respondents to the appeal[.]" Despite this warning, Stingley's brief included a number of arguments about his claims against the Laczkowski defendants. As a result, Dr. Vincent was forced to address these improper arguments in his appellate brief, and we had to again explain why these arguments were improper in this opinion. *See supra* ¶¶20-24. We recognize that Stingley is not represented by counsel, however, self-representation does not grant anyone "a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *see also Holz*, 223 Wis. 2d at 608.

¶49 Accordingly, we conclude that this appeal is frivolous because Stingley knew, or should have known, that this appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.

**CONCLUSION**

¶50 For all these reasons, we affirm the Vincent dismissal order and the Vincent sanctions order, we grant Dr. Vincent's motion for sanctions for filing a frivolous appeal, and we remand to the circuit court to determine Dr. Vincent's

costs, fees, and reasonable attorney fees related to this appeal pursuant to WIS. STAT. § 809.25(3).

*By the Court.*—Orders affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.